# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| MARGARET M. OKAMOTO, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No.: |
| | : |
| BANK OF AMERICA, NATIONAL | : |
| ASSOCIATION; YOUR CREDIT | : |
| INC. D/B/A FAMILY FINANCE; | : **COMPLAINT FOR DAMAGES** |
| MUTUAL OF OMAHA BANK; | : **PURSUANT TO THE FAIR** |
| GENTRY FINANCE CORP OF | : **CREDIT REPORTING ACT, 15** |
| NEVADA D/B/A SAHARA | : **U.S.C. § 1681, ET SEQ.** |
| FINANCE; YOUR CREDIT INC. | : |
| D/B/A/ STANDARD LOAN; GENTRY | : **JURY TRIAL DEMANDED** |
| FINANCIAL INC. D/B/A STAR | : |
| LOANS; RBS COMPUTER INC. | : |
| D/B/A ROYAL MANAGEMENT | : |
| CORPORATION, EXPERIAN | : |
| INFORMATION SOLUTIONS, INC., | : |
| | : |
| Defendants. | : |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect

consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. MARGARET M. OKAMOTO ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of BANK OF AMERICA, NATIONAL ASSOCIATION ("BOA"), YOUR CREDIT INC. D/B/A FAMILY FINANACE ("FAMILY"); MUTUAL OF OMAHA BANK ("MOB"); GENTRY FINANCE CORP OF NEVADA D/B/A SAHARA FINANCE ("SAHARA"); YOUR CREDIT INC. D/B/A/ STANDARD LOAN ("STANDARD"); GENTRY FINANCIAL INC. D/B/A STAR LOANS ("STAR"); RBS COMPUTER INC. D/B/A/ ROYAL MANAGEMENT CORPORATION ("RBS") and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

### JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011). Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9.  This action arises out of each Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there, and the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Experian has a registered agent of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

### PARTIES

11. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant BOA is a corporation doing business in the State of Nevada.

13. Defendant BOA is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

14. Defendant FAMILY is a corporation doing business in the State of Nevada.

15. Defendant FAMILY is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

16. Defendant MOB is a corporation doing business in the State of Nevada.

17. Defendant MOB is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

18. Defendant SAHARA is a corporation doing business in the State of Nevada.

19. Defendant SAHARA is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

20. Defendant STANDARD is a corporation doing business in the State of Nevada.

21. Defendant STANDARD is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

22. Defendant STAR is a corporation doing business in the State of Nevada.

23. Defendant STAR is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

24. Defendant RBS is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

25. Defendant RBS is a loan servicing company, servicing accounts for FAMILY, SAHARA, STANDARD and STAR.

26. Defendant RBS's contacts with Nevada are continuous and systematic as RBS is actively doing business in Nevada with Nevada Companies such as FAMILY, SAHARA, STANDARD and STAR by providing accounting, bookkeeping and collection services for various business entities located in Nevada.

27. Defendant RBS purposefully directs its activities and conducts activities in Nevada by actively doing business with Nevada Companies such as FAMILY, SAHARA, STANDARD and STAR by providing accounting, bookkeeping and collection services for various business entities located in Nevada.

28. Defendant Experian is a national credit reporting agency, doing business in Nevada, with a principal place of business in Ohio.

GENERAL ALLEGATIONS

29. At all times relevant, Plaintiff was an individual residing within the State of Nevada.

30. At all times relevant, Defendants conducted business in the State of Nevada.

31. On or about 10/31/2013, Plaintiff filed for Bankruptcy in the United States Bankruptcy Court for the District of Nevada. Plaintiff's case was assigned Case Number 13-19283-mkn (the "Bankruptcy").

32. The obligations ("Debt") to each Defendant herein (as applicable) were scheduled in the Bankruptcy and each respective creditor-Defendant, or its predecessor in interest, received notice of the Bankruptcy.

33. On or about 2/04/2014, Plaintiff received a Bankruptcy discharge.

34. None of the Defendants named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq.*

35. None of the Defendants named herein obtained relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff for any *personal* liability.

36. Accordingly, the debts to each Defendant named herein (as applicable) were discharged through the Bankruptcy.

37. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal and inaccurate for any of the creditor-defendants to report any post-Bankruptcy derogatory collection information, which was inconsistent with the Orders entered by the Bankruptcy Court, including the initial Petition for Relief for Bankruptcy protection (the "Petition").

38. Defendants named herein, and each of them, either reported or caused to be reported inaccurate information after the Bankruptcy as discussed herein.

39. Defendant's reporting post-Bankruptcy derogatory information was inaccurate and misleading in that Defendant continued reporting information based on Defendant's pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate".

40. Additionally, Defendant's inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

41. To help furnishers comply with their requirements under the FCRA, the Consumer Data Industry Association ("CDIA") publishes standard guidelines for reporting data called the "Metro 2 Format."

42. The only difference in reporting a pre-discharged debt and a discharged debt is to delete the balance (or report a balance of $0). *Id.*

43. Indeed, the guidelines direct furnishers to report an account status as it existed at the time the bankruptcy petition was filed and not the account status as it *would have* existed in the months following the filing of the petition if the petition had not been filed. *Id.*

44. Courts rely on such guidance to determine furnisher liability. *See e.g. In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

45. Defendants did not conform to the Metro 2 Format when reporting on Plaintiff's accounts after the Plaintiff filed Bankruptcy as further set forth below. To this end, the adverse reporting on the Plaintiff's report departs from the credit industry's own reporting standards and was therefore inaccurate under the CDIA's standards as well.

### BOA Misreported Credit Information

### RE: Account No. 520001099947*

46. In an Experian credit report dated May 27, 2015, BOA reported the following inaccurate, derogatory information:

   - Nov2013 – Jan2014 (CO – Charge Off)

47. BOA should not have reported derogatory information on Plaintiff's account after 10/31/2013, because Plaintiff filed Bankruptcy on that date.

48. On or about July 16, 2015, Plaintiff disputed BOA's reported information regarding its reported obligation pursuant to 15 U.S.C. § 1681i(a)(2) by

notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by BOA.

49. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

| Furnisher Name/Address: | Bank of America<br>PO Box 982235<br>El Paso, TX 79998 |
|---|---|
| Furnisher Acct. No.: | 520001099947.... |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 10/31/2013 and discharged 2/04/2014, bearing docket No. 13-19283-mkn in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Nov2013 – Jan2014 (CO – Charge Off). |

50. The Experian Dispute Letter further requested that Experian:

• Immediately delete this account and the disputed derogatory information my [Plaintiff's] credit report.

• The discharged debt should be reported with an account balance of $0 with a status of "current".

• Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/31/2013, since a default on this account occurred no later than the Bankruptcy filing date.

• Any post-bankruptcy derogatory information should be immediately deleted from my report.

- If you do not immediately delete this from my credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

51. Upon information and belief, Experian timely notified BOA of Plaintiff's dispute, but BOA continued reporting derogatory information.

52. Defendants were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

53. On or about August 11, 2015, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 4292-9611-92) that BOA and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as "Updated".

54. Upon information and belief, upon receiving the Experian Dispute Letter, Experian notified BOA of the dispute.

55. BOA and Experian failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

56. Surprisingly, rather than remove the derogatory information from Plaintiff's report, BOA and Experian continued reporting the inaccurate derogatory information on Plaintiff's report. Specifically, BOA and Experian reported the following inaccurate, derogatory information:

- Nov2013 – Jan2014 (CO – Charge Off)

57. The false and inaccurate information was and continues to be furnished by Defendants.

58. BOA and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

59. BOA and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

60. Due to BOA's and Experian's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

61. Plaintiff's continued efforts to correct BOA's and Experian's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with BOA and Experian were fruitless.

62. BOA's and Experian's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful.

63. BOA's and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

64. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, BOA and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## FAMILY/RBS Misreported Credit Information

## RE: Account No. Y04X*

65. In an Experian credit report dated May 27, 2015, FAMILY/RBS reported the following inaccurate, derogatory information:

   • Nov2013 – Jan2014 (CO – Charge Off)

   • Account Balances in the Account history from Nov13 – Mar15

66. FAMILY/RBS should not have reported derogatory information on Plaintiff's account after 10/31/2013, because Plaintiff filed Bankruptcy on that date.

67. On or about July 16, 2015, Plaintiff disputed FAMILY/RBS's reported information regarding its reported obligation pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by FAMILY/RBS.

68. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

| Furnisher Name/Address: | Family Fin/Ryl Mgt<br>25331 W IH 10<br>San Antonio, TX 78257 |
|---|---|
| Furnisher Acct. No.: | Y04X…. |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 10/31/2013 and discharged 2/04/2014, bearing docket No. 13-19283-mkn in the District for Nevada.  There should be no derogatory reporting after the filing date.  Specifically, please remove the derogatory information for the following post-bankruptcy dates: Nov2013 – Jan2014 (CO – Charge Off).<br><br>• This account was discharged in my Bankruptcy which was filed on 10/31/2013 and discharged 2/04/2014, bearing docket No. 13-19283-mkn in the District for Nevada.  The balance on this account should be "$0" and the status should be reporting as "current". Specifically, in the Account history you show Account Balances from Nov13 – Mar15. |

69. The Experian Dispute Letter further requested that Experian:

• Immediately delete this account and the disputed derogatory information my [Plaintiff's] credit report.

• The discharged debt should be reported with an account balance of $0 with a status of "current".

• Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/31/2013, since a default on this account occurred no later than the Bankruptcy filing date.

• Any post-bankruptcy derogatory information should be immediately deleted from my report.

• If you do not immediately delete this from my credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

70. Upon information and belief, Experian timely notified FAMILY/RBS of Plaintiff's dispute, but FAMILY/RBS continued reporting derogatory information.

71. Defendants were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

72. On or about August 11, 2015, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 4292-9611-92) that FAMILY/RBS and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as "Updated".

73. Upon information and belief, upon receiving the Experian Dispute Letter, Experian notified FAMILY/RBS of the dispute.

74. FAMILY/RBS and Experian failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

75. Surprisingly, rather than remove the derogatory information from Plaintiff's report, FAMILY/RBS and Experian continued reporting the inaccurate derogatory information on Plaintiff's report. Specifically, FAMILY/RBS and Experian reported the following inaccurate, derogatory information:

   • Nov2013 – Jan2014 (CO – Charge Off)

   • Account Balances in the Account history from Nov13 – May15

76. The false and inaccurate information was and continues to be furnished by Defendants.

77. FAMILY/RBS and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

78. FAMILY/RBS and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

79. Due to FAMILY/RBS's and Experian's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

80. Plaintiff's continued efforts to correct FAMILY/RBS's and Experian's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with FAMILY/RBS and Experian were fruitless.

81. FAMILY/RBS's and Experian's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful.

82. FAMILY/RBS's and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

83. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, FAMILY/RBS and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### MOB Misreported Credit Information

### RE: Account No. 3101*

84. In an Experian credit report dated May 27, 2015, MOB reported the following inaccurate, derogatory information:

- Account Balances in the Account history from Dec14 – Mar15

85. MOB should not have reported derogatory information on Plaintiff's account after 10/31/2013, because Plaintiff filed Bankruptcy on that date.

86. On or about July 16, 2015, Plaintiff disputed MOB's reported information regarding its reported obligation pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by MOB.

87. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

| Furnisher Name/Address: | Mutual of Omaha Bank<br>3333 Farnam St<br>Omaha, NE 68131 |
|---|---|
| Furnisher Acct. No.: | 3101…. |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 10/31/2013 and discharged 2/04/2014, bearing docket No. 13-19283-mkn in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, in the Account history you show Account Balances from Dec14 – Mar15. |

88. The Experian Dispute Letter further requested that Experian:

   • Immediately delete this account and the disputed derogatory information my [Plaintiff's] credit report.

   • The discharged debt should be reported with an account balance of $0 with a status of "current".

   • Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/31/2013, since a default on this account occurred no later than the Bankruptcy filing date.

   • Any post-bankruptcy derogatory information should be immediately deleted from my report.

   • If you do not immediately delete this from my credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

89. Upon information and belief, Experian timely notified MOB of Plaintiff's dispute, but MOB continued reporting derogatory information.

90. Defendants were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

91. On or about August 11, 2015, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 4292-9611-92) that MOB and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as "Updated".

92. Upon information and belief, upon receiving the Experian Dispute Letter, Experian notified MOB of the dispute.

93. MOB and Experian failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

94. Surprisingly, rather than remove the derogatory information from Plaintiff's report, MOB and Experian continued reporting the inaccurate derogatory information on Plaintiff's report.  Specifically, MOB and Experian reported the following inaccurate, derogatory information:

   • Account Balances in the Account history from Dec14 – Jun15

95. The false and inaccurate information was and continues to be furnished by Defendants.

96. MOB and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

97. MOB and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

98. Due to MOB's and Experian's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

99. Plaintiff's continued efforts to correct MOB's and Experian's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with MOB and Experian were fruitless.

100. MOB's and Experian's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful.

101. MOB's and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

102. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, MOB and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**SAHARA/RBS Misreported Credit Information**

## RE: Account No. 615X*

103.     In an Experian credit report dated May 27, 2015, SAHARA/RBS reported the following inaccurate, derogatory information:

- Nov2013 – Jan2014 (CO – Charge Off)

- Account Balances in the Account history from Nov13 – Mar15

104.     SAHARA/RBS should not have reported derogatory information on Plaintiff's account after 10/31/2013, because Plaintiff filed Bankruptcy on that date.

105.     On or about July 16, 2015, Plaintiff disputed SAHARA/RBS's reported information regarding its reported obligation pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by SAHARA/RBS.

106.     Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

| Furnisher Name/Address: | Sahara Finace/Ryl Mgt<br>25331 W IH 10<br>San Antonio, TX 78257 |
|---|---|
| Furnisher Acct. No.: | 615X.... |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 10/31/2013 and discharged 2/04/2014, bearing docket No. 13-19283-mkn in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post- |

| | bankruptcy dates: Nov2013 – Jan2014 (CO – Charge Off).<br><br>• This account was discharged in my Bankruptcy which was filed on 10/31/2013 and discharged 2/04/2014, bearing docket No. 13-19283-mkn in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, in the Account history you show Account Balances from Nov13 – Mar15. |
| --- | --- |

107.    The Experian Dispute Letter further requested that Experian:

•   Immediately delete this account and the disputed derogatory information my [Plaintiff's] credit report.

•   The discharged debt should be reported with an account balance of $0 with a status of "current".

•   Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/31/2013, since a default on this account occurred no later than the Bankruptcy filing date.

•   Any post-bankruptcy derogatory information should be immediately deleted from my report.

•   If you do not immediately delete this from my credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

108.    Upon information and belief, Experian timely notified SAHARA/RBS of Plaintiff's dispute, but SAHARA/RBS continued reporting derogatory information.

109.   Defendants were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

110.   On or about August 11, 2015, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 4292-9611-92) that SAHARA/RBS and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as "Updated".

111.   Upon information and belief, upon receiving the Experian Dispute Letter, Experian notified SAHARA/RBS of the dispute.

112.   SAHARA/RBS and Experian failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

113.   Surprisingly, rather than remove the derogatory information from Plaintiff's report, SAHARA/RBS and Experian continued reporting the inaccurate derogatory information on Plaintiff's report.   Specifically, SAHARA/RBS and Experian reported the following inaccurate, derogatory information:

- Nov2013 – Jan2014 (CO – Charge Off)

- Account Balances in the Account history from Nov13 – May15

114.    The false and inaccurate information was and continues to be furnished by Defendants.

115.    SAHARA/RBS and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

116.    SAHARA/RBS and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

117.    Due to SAHARA/RBS's and Experian's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

118.    Plaintiff's continued efforts to correct SAHARA/RBS's and Experian's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with SAHARA/RBS and Experian were fruitless.

119.    SAHARA/RBS's and Experian's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful.

120.     SAHARA/RBS's and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

121.     By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, SAHARA/RBS and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## STANDARD/RBS Misreported Credit Information

## RE: Account No. 803X1*

122.     In an Experian credit report dated May 27, 2015, STANDARD/RBS reported the following inaccurate, derogatory information:

- Nov2013 – Jan2014 (CO – Charge Off)
- Account Balances in the Account history from Nov13 – Mar15

123.     STANDARD/RBS should not have reported derogatory information on Plaintiff's account after 10/31/2013, because Plaintiff filed Bankruptcy on that date.

124.     On or about July 16, 2015, Plaintiff disputed STANDARD/RBS's reported information regarding its reported obligation pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by STANDARD/RBS.

125.     Specifically, Plaintiff sent a letter, certified, return receipt, to Experian

(the "Experian Dispute Letter"), requesting the above inaccurate and

incorrect derogatory information be removed as follows:

| Furnisher Name/Address: | Standard Loan/Ryl Mgt<br>25331 W IH 10<br>San Antonio, TX 78257 |
|---|---|
| Furnisher Acct. No.: | 803X1…. |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 10/31/2013 and discharged 2/04/2014, bearing docket No. 13-19283-mkn in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Nov2013 – Jan2014 (CO – Charge Off).<br><br>• This account was discharged in my Bankruptcy which was filed on 10/31/2013 and discharged 2/04/2014, bearing docket No. 13-19283-mkn in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show in the Account history Account Balances from Nov13 – Mar15. |

126.     The Experian Dispute Letter further requested that Experian:

•  Immediately delete this account and the disputed derogatory
information my [Plaintiff's] credit report.

•  The discharged debt should be reported with an account balance
of $0 with a status of "current".

•  Further, there should be no post-bankruptcy activity reported on
this account. The date of last activity on this account should pre-
date my bankruptcy filing date, 10/31/2013, since a default on this
account occurred no later than the Bankruptcy filing date.

•  Any post-bankruptcy derogatory information should be
immediately deleted from my report.

- If you do not immediately delete this from my credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

127.     Upon    information    and    belief,    Experian    timely    notified STANDARD/RBS of Plaintiff's dispute, but STANDARD/RBS continued reporting derogatory information.

128.     Defendants were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

129.     On or about August 11, 2015, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 4292-9611-92) that STANDARD/RBS and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as "Updated".

130.     Upon information and belief, upon receiving the Experian Dispute Letter, Experian notified STANDARD/RBS of the dispute.

131.     STANDARD/RBS and Experian failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

132.     Surprisingly, rather than remove the derogatory information from Plaintiff's report, STANDARD/RBS and Experian continued reporting the

inaccurate derogatory information on Plaintiff's report. Specifically, STANDARD/RBS and Experian reported the following inaccurate, derogatory information:

- Nov2013 – Jan2014 (CO – Charge Off)
- Account Balances in the Account history from Nov13 – May15

133.   The false and inaccurate information was and continues to be furnished by Defendants.

134.   STANDARD/RBS and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

135.   STANDARD/RBS and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

136.   Due to STANDARD/RBS's and Experian's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

137.   Plaintiff's continued efforts to correct STANDARD/RBS's and Experian's erroneous and negative reporting of the discharged debt by

communicating Plaintiff's dispute with STANDARD/RBS and Experian were fruitless.

138.     STANDARD/RBS's and Experian's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful.

139.     STANDARD/RBS's and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

140.     By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, STANDARD/RBS and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## STAR/RBS Misreported Credit Information

## RE: Account No. 2X*

141.     In an Experian credit report dated May 27, 2015, STAR/RBS reported the following inaccurate, derogatory information:

- Nov2013 and Dec2013 (CO – Charge Off)

- Account Balances in the Account history from Nov13 – Mar15

142.     STAR/RBS should not have reported derogatory information on Plaintiff's account after 10/31/2013, because Plaintiff filed Bankruptcy on that date.

143.     On or about July 16, 2015, Plaintiff disputed STAR/RBS's reported information regarding its reported obligation pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by STAR/RBS.

144.     Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

| Furnisher Name/Address: | Star Loan/Ryl Mgt<br>25331 W IH 10<br>San Antonio, TX 78257 |
|---|---|
| Furnisher Acct. No.: | 2X…. |
| Consumer Dispute: | • This account was discharged in my Bankruptcy which was filed on 10/31/2013 and discharged 2/04/2014, bearing docket No. 13-19283-mkn in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Nov2013 and Dec2013 (CO – Charge Off).<br><br>• This account was discharged in my Bankruptcy which was filed on 10/31/2013 and discharged 2/04/2014, bearing docket No. 13-19283-mkn in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, in the Account history you show Account Balances from Nov13 – Mar15. |

145.     The Experian Dispute Letter further requested that Experian:

•  Immediately delete this account and the disputed derogatory information my [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/31/2013, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from my report.

- If you do not immediately delete this from my credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

146.    Upon information and belief, Experian timely notified STAR/RBS of Plaintiff's dispute, but STAR/RBS continued reporting derogatory information.

147.    Defendants were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

148.    On or about August 11, 2015, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 4292-9611-92) that STAR/RBS and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as "Updated".

149.    Upon information and belief, upon receiving the Experian Dispute Letter, Experian notified STAR/RBS of the dispute.

150.     STAR/RBS and Experian failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

151.     Surprisingly, rather than remove the derogatory information from Plaintiff's report, STAR/RBS and Experian continued reporting the inaccurate derogatory information on Plaintiff's report.   Specifically, STAR/RBS and Experian reported the following inaccurate, derogatory information:

- Nov2013 and Dec2013 (CO – Charge Off)
- Account Balances in the Account history from Nov13 – May15

152.     The false and inaccurate information was and continues to be furnished by Defendants.

153.     STAR/RBS and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

154.     STAR/RBS and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

155.     Due to STAR/RBS's and Experian's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's

information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

156.     Plaintiff's continued efforts to correct STAR/RBS's and Experian's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with STAR/RBS and Experian were fruitless.

157.     STAR/RBS's and Experian's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful.

158.     STAR/RBS's and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

159.     By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, STAR/RBS and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

160.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

161.     The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

162.     As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

163.     As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

    ///

    //

    /

## TRIAL BY JURY

164.      Pursuant to the seventh amendment to the Constitution of the United

States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: September 18, 2015

                          Respectfully submitted,

                          By /s/ David H. Krieger, Esq.
                          _____
                          David H. Krieger, Esq.
                          Nevada Bar No. 9086
                          HAINES & KRIEGER, LLC
                          8985 S. Eastern Ave., Suite 350
                          Henderson, NV 89123
                          Phone: (702) 880-5554
                          FAX: (702) 385-5518
                          Email: dkrieger@hainesandkrieger.com

                          Attorney for Plaintiff